Filed 4/28/22  P. v. Silva CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HELIODORO ARREOLA SILVA,<br><br>Defendant and Appellant. | F080879<br><br>(Super. Ct. No. CRM036247A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina H. Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

In 2016, a jury convicted petitioner Heliodoro Arreola Silva with the first degree murder of Rodolfo B.[1] (Pen. Code,[2] §§ 187, subd. (a), 189; count 1) and the first degree murder of Reyes B. (§§ 187, subd. (a), 189; count 2).[3] For both counts, the jury found true the special circumstance that petitioner committed multiple murders and committed the murders during the commission or attempted commission of a kidnapping (§ 190.2, subd. (a)(3), (a)(17)(B)). For each murder, the court imposed consecutive life sentences without the possibility of parole plus an additional one-year term for a firearm enhancement. (*People v. Silva* (Aug. 7, 2019, F074899) [nonpub. opn.] (*Silva*).)

In 2019, petitioner filed a petition for resentencing on his murder convictions pursuant to section 1170.95. The court summarily denied the petition at the prima facie stage on the ground Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) is unconstitutional and, alternatively, the special circumstance findings established petitioner either aided and abetted in the murders with the intent to kill or that he was a major participant in the underlying felony and acted with reckless indifference to human life, both disqualifying factors pursuant to section 1170.95, subdivision (a)(3).

On appeal, petitioner contends the trial court violated his due process rights by failing to appoint counsel and not giving him the opportunity to brief the issues before denying his petition at the prima facie stage. Petitioner further contends he made a prima facie showing he is entitled to resentencing relief pursuant to section 1170.95 and that the trial court erred in summarily denying his petition. Additionally, petitioner contends that with the passage of Senate Bill No. 1437, the special circumstance statute no longer

---

[1] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[2] All further statutory references are to the Penal Code unless otherwise specified.

[3] Petitioner was convicted of additional offenses and enhancements, as described below.

performs a narrowing function, as required by the Eighth Amendment to the federal Constitution, because every person who is convicted of first degree felony murder would now be eligible for the death penalty.  Finally, petitioner contends the trial court violated his right to due process and to counsel by ruling on the constitutionality of Senate Bill No. 1437 without appointing counsel and providing an opportunity for briefing and, in any event, the trial court's ruling was erroneous.

We conclude the court erred both in failing to appoint counsel and in not giving petitioner an opportunity to brief the merits of the petition, but the errors were harmless because the special circumstance findings establish petitioner is ineligible for resentencing as a matter of law.  Moreover, we conclude that Senate Bill No. 1437 does not violate the Eighth Amendment to the federal Constitution because it does not broaden the class of individuals eligible for the death penalty.  Finally, we conclude petitioner's remaining contentions with regard to the constitutionality of Senate Bill No. 1437 are moot.  Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the brief summary of facts from our nonpublished opinion in petitioner's direct appeal.[4]

> "As retribution for an alleged theft of marijuana from a marijuana growing operation, a group of men [including petitioner] seized two victims [Rodolfo and Reyes], bound them, transported them to an orchard, murdered them there, placed their bodies inside a car, and incinerated them by setting fire to the car." (*Silva*, *supra*, F074889.)

On October 19, 2016, the Merced County District Attorney filed a first amended information charging petitioner with the first degree murders of Rodolfo (§§ 187,

---

[4] We provide these facts for background purposes because they were cited by both parties in their briefs.  However, we do not rely on these facts in resolving the issues presented in this appeal.  (See § 1170.95, subd. (d)(3).)

3.

subd. (a), 189; count 1) and Reyes (§§ 187, subd. (a), 189; count 2) with the special circumstances petitioner was convicted of more than one offense of murder in the first or second degree (§ 190.2, subd. (a)(3)) and that the offenses were committed during the commission or attempted commission of a kidnapping (§ 190.2, subd. (a)(17)(B)), along with an enhancement that one of the principals was armed with a firearm (§ 12022, subd. (a)(1)); the kidnapping of Rodolfo (§ 207, subd. (a), count 3) with two firearm enhancements (§§ 12022, subd. (a)(1), 12022.53, subd. (b)) and the kidnapping of Reyes (§ 207, subd. (a), count 4) with two firearm enhancements (§§ 12022, subd. (a)(1), 12022.53, subd. (b)).

On November 4, 2016, a jury convicted petitioner of two counts of first degree murder (§§ 187, subd. (a), 189; counts 1, 2), and two counts of kidnapping (§ 207, subd. (a); counts 3, 4).  As to the first degree murder convictions, the jury found true the special circumstances that petitioner had been convicted of more than one offense of murder in the first or second degree (§ 190.2, subd. (a)(3)) and that the murders were committed while the petitioner was engaged in, or was an accomplice in, the commission of, or attempted commission of a kidnapping (§ 190.2, subd. (a)(17)(B)), along with the enhancement that during the commission of the offense one of the principals was armed with a firearm (§ 12022, subd. (a)(1)).  As to the kidnapping convictions, the jury found true that during the commission of the offense one of the principals was armed with a firearm (§ 12022, subd. (a)(1)).[5]

On December 8, 2016, the trial court sentenced petitioner on count 1 to a term of life without the possibility of parole with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)).  On count 2, the trial court sentenced petitioner to a second consecutive term of life without the possibility of parole with an additional one-

_____

[5] As to counts 3 and 4, the jury found not true the enhancement that petitioner personally used a firearm during the commission of the kidnappings (§ 12022.53, subd. (b)).

4.

year term for the firearm enhancement (§ 12022, subd. (a)(1)). On count 3, the trial court sentenced petitioner to a consecutive term of eight years with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)). On count 4, the trial court sentenced petitioner to a consecutive term of five years with an additional one-year term for the firearm enhancement (§ 12022, subd. (a)(1)).

On appeal, this court modified the judgment by striking a parole revocation restitution fine (§ 1202.45) and affirmed the judgment as modified. (*Silva*, *supra*, F074889.)

On December 31, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder convictions pursuant to section 1170.95. In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine and that he was convicted of first or second degree murder at trial. Petitioner also requested the court appoint counsel during the resentencing process and stated that he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; that the murder victim was not a peace officer acting in the performance of his or her duties; and that there was a prior determination by the court or jury that found that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d).

On January 21, 2020, the trial court, without appointing counsel or receiving further briefing by either party, denied the petition on the ground that Senate Bill No. 1437 unconstitutionally amends Propositions 7 and 115. The trial court continued by stating that even if Senate Bill No. 1437 is constitutional, petitioner is ineligible for relief because:

> "[T]he record is clear that even though petitioner was not the actual killer, he, with the intent to kill, aided, abetted, counseled, commanded,

5.

induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree, and/or he was a person who acted as a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. This is clear because the jury found the kidnapping special circumstances allegation to be true. The jury could only find this true if they found petitioner either aided and abetted in the murder with the intent to kill, or he was a major participant in the underlying felony and acted with reckless indifference to human life."

A timely appeal followed.

## DISCUSSION

### I.  Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

"A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless

6.

indifference to human life, as described in subdivision (d) of Section 190.2."[6]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

---

[6] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) The record of conviction includes, but is not limited to, jury instructions, verdict forms, and a prior appellate opinion. (See generally *id*. at p. 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).)

8.

Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent the error(s), his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Analysis

Petitioner contends the trial court violated his due process rights by failing to appoint counsel and not giving him the opportunity to brief the issues before denying his petition at the prima facie stage. Petitioner further contends he made a prima facie showing he is entitled to resentencing relief pursuant to section 1170.95 and that the trial court erred in summarily denying his petition. Petitioner further contends that with the passage of Senate Bill No. 1437 the special circumstance statute no longer performs a narrowing function, as required by the Eighth Amendment to the federal Constitution, because every person who is convicted of first degree felony murder would now be eligible for the death penalty. Finally, petitioner contends the trial court violated his right to due process and to counsel by ruling on the constitutionality of Senate Bill No. 1437 without appointing counsel and providing an opportunity for briefing and, in any event, the trial court's ruling was erroneous.

We conclude the trial court erred in failing to appoint counsel and not providing petitioner an opportunity to brief the merits of the petition, but conclude the error was harmless because the special circumstance findings establish petitioner is ineligible for resentencing as a matter of law. Moreover, we conclude that Senate Bill No. 1437 did not broaden the class of individuals eligible for the death penalty and therefore does not run afoul of the Eighth Amendment to the federal Constitution. Finally, we conclude

9.

petitioner's remaining contentions with regard to the constitutionality of Senate Bill No. 1437 are moot.

### A. The Trial Court Erred in Failing to Appoint Counsel and Not Providing Petitioner an Opportunity to Brief the Merits of the Petition.

Petitioner contends the trial court erred in disposing of his section 1170.95 petition without the benefit of briefing, argument, or the assistance of counsel. Since the filing of both parties' briefs, Senate Bill No. 775 (2021-2022 Reg. Sess.) went into effect requiring that, "[u]pon receiving a petition in which the information required . . . is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."[7] (§ 1170.95, subd. (b)(C)(3); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963, 967.)

The trial court did not follow this procedure in the instant case. Section 1170.95, subdivisions (b) and (c) now require that at the prima facie stage the trial court appoint counsel and give counsel an opportunity to file responsive briefing. The trial court erred in disposing of the petition without complying with these procedures. We may affirm only if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson*, *supra*, 46 Cal.2d at p. 836.) As we explain, we conclude

---

[7] As it relates to petitioner's due process rights, our Supreme Court has held, "a petitioner is not constitutionally entitled to counsel at the outset of the subdivision (c) stage of the section 1170.95 petitioning process" and a "trial court's failure to appoint counsel . . . [is] state law error only." (*Lewis*, *supra*, 11 Cal.5th at p. 973.) Moreover, the initial section 1170.95 prima facie determination involves a question of law and thus can be made outside the presence of petitioner without a formal hearing, and off the record. (*People v. Perry* (2006) 38 Cal.4th 302, 312 ["[A] defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding."].) Therefore, petitioners due process rights were not violated at the prima facie stage when he was denied both counsel and a formal hearing.

petitioner cannot demonstrate prejudice because the jury's special circumstance findings establish he is ineligible for resentencing as a matter of law.

## B. Petitioner was not Prejudiced by the Trial Court's Errors.

As stated, the trial court erred in disposing of the section 1170.95 petition without the benefit of briefing, argument, or the assistance of counsel, and we therefore may affirm only if petitioner was not prejudiced by the errors. We conclude petitioner cannot demonstrate prejudice because the record establishes he is ineligible for resentencing as a matter of law. (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see also *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

### i. *The special circumstance findings are dispositive.*

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, as to both murder counts, the jury found true the kidnapping special circumstance (§ 190.2, subdivision (a)(17)(B), (M)). To find this special circumstance true, the jury was required to find petitioner acted with intent to kill, whether as the actual killer or an aider and abettor. (§ 190.2, subd. (a)(17)(M).)[8] Therefore, the true findings on the kidnapping special circumstance allegations establish

---

[8] The multiple-murder special circumstance also generally requires a finding of intent to kill when the perpetrator is not the actual killer. (§ 190.2, subds. (a)(3), (c).) Here, however, the jury was not specifically instructed that it had to find petitioner intended to kill in order to find the multiple-murder special circumstances true. In petitioner's direct appeal, we concluded the instruction therefore was improper, but harmless beyond a reasonable doubt in light of the kidnapping special circumstance findings. (*Silva*, *supra*, F074899.) Regardless, we do not consider the effect of the multiple-murder special-circumstance finding on petitioner's resentencing eligibility because the true findings on the kidnapping special circumstances independently render petitioner ineligible for resentencing as a matter of law.

11.

the jury made the requisite findings necessary to sustain a murder conviction under the law, as amended by Senate Bill No. 1437.

Nevertheless, petitioner contends the "[s]pecial circumstance findings alone do not establish as a matter of law that [petitioner] had intent to kill and/or was a major participant in the underlying felony and acted with reckless indifference to human life" because the jury instructions did not require the jury to find he aided and abetted in the murder with intent to kill.[9] We reject this proposition. Section 1170.95 provides a mechanism for resentencing individuals whose convictions are no longer valid due to changes to sections 188 and 189. (§ 1170.95, subd. (a)(3).) It does not provide a mechanism for challenging a jury's prior factual findings. (*People v. Allison* (2020) 55 Cal.App.5th 449, 461.) "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Ibid.*) In other circumstances, this court has declined to utilize the section 1170.95 procedure to examine

---

[9] Petitioner also contends there is nothing in the record to establish that the jury instructions complied with the requirements of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In these cases, our Supreme Court " 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' " (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) "Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law [citation], and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606)." (*People v. Simmons* (2021) 65 Cal.App.5th 739, 747, review granted Sept. 1, 2021, S270048.) Here, petitioner's jury was not asked to find he was a major participant who acted with reckless indifference to human life, but rather whether he possessed an intent to kill, and thus the split of authority does not affect his eligibility for resentencing. (See § 190.2, subd. (a)(17)(M).) Regardless, this court has held that a pre-*Banks/Clark* special circumstance finding renders a petitioner ineligible for resentencing pursuant to section 1170.95 as a matter of law. (*Simmons*, at p. 749.)

the record of conviction to determine whether a special circumstance finding was properly entered. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749.) Rather, this court has concluded that such findings are binding on the issues necessarily decided by the jury, unless the findings were invalidated on direct appeal or in a habeas proceeding. (*Ibid.*) Therefore, the special circumstance findings establish that petitioner is ineligible for resentencing as a matter of law. He therefore was not prejudiced by the court's errors in denying him the benefit of briefing, argument, or the assistance of counsel.

> ii.     *The record of conviction regarding the special circumstance allegation supports the jury's finding that petitioner had the intent to kill.*

However, even if we were inclined to look behind the jury's verdict, we disagree with petitioner the record of conviction does not establish petitioner aided and abetted in the murder with intent to kill. The jury was expressly instructed on the elements of the kidnapping special circumstance allegation, which required a finding that petitioner aided and abetted the murder with intent to kill, and by finding the special circumstance true the jury made the requisite findings necessary to sustain a murder conviction under the amended law.[10] (See *People v. Odom* (2016) 244 Cal.App.4th 237, 256-257 [these

---

[10] The jury instructions from petitioner's trial are not contained in the record on appeal. However, in petitioner's direct appeal, this court found that "[f]or the felony murder (kidnapping) special circumstance, the [trial] court gave one instruction, CALCRIM No. 731." (*Silva*, *supra*, F074889.) "As given in [petitioner's] case, CALCRIM No. 731 stated that to prove the kidnapping special circumstance, the prosecution had to establish that the defendant intentionally committed, aided and abetted, or was a member of a conspiracy to commit kidnapping; that the defendant did an act that was a substantial factor in causing the death; and that the defendant intended the victim to be killed." (*Ibid*.) More generally, CALCRIM No. 731 (Special Circumstances: Murder in Commission of Felony – Kidnapping With Intent to Kill (After March 8, 2000) (§ 190.2, subd. (a)(17)) is as follows:

> "1. The defendant (committed [or attempted to commit][,]/[or] aided and abetted[,]/[or] was a member of a conspiracy to commit) kidnapping;

instructions "require[] [an] intent to kill and cannot be proven by reckless indifference to human life by a major participant in the kidnapping."].)

Nonetheless, petitioner contends our prior opinion establishes the jury may have improperly convicted him of first degree murder, under the felony-murder rule or natural and probable consequences doctrine, without finding he aided and abetted in the murder with intent to kill. In *Silva*, this court found several errors in the jury instructions. Relevant here, the court concluded the trial court erred in giving CALCRIM No. 548, which allowed the jury to convict petitioner of murder without unanimously agreeing on the specific theory of murder. (*Silva*, *supra*, F074899.) This court found the instruction erroneous because the jury was presented with several different theories of murder, including felony murder and murder under the natural and probable consequences doctrine, and some of those theories could only support a conviction for second degree murder. However, the CALCRIM No. 548 instruction erroneously allowed the jury to convict petitioner of murder without a unanimous decision as to the degree of murder. This left open the possibility that the jury erroneously convicted petitioner of first degree

---

"2. The defendant (intended to commit[,]/[or] intended to aid and abet the perpetrator in committing[,]/[or] intended that one or more of the members of the conspiracy commit) kidnapping;

"[3. If the defendant did not personally commit [or attempt to commit] kidnapping, then another perpetrator, (whom the defendant was aiding and abetting/[or] with whom the defendant conspired), personally committed [or attempted to commit] kidnapping;]

"(3/4). (The defendant/ _____ <insert name or description of person causing death if not defendant>) did an act that was a substantial factor in causing the death of another person;

"AND

"(4/5). The defendant *intended that the other person be killed*." (Italics added.)

14.

murder under the natural and probable consequences doctrine without a finding of an intent to kill. (*Silva*, *supra*, F074889; see *People v. Chiu* (2014) 59 Cal.4th 155, 166.)

This court found this error, as well as other errors in the instructions on the mental state of an aider and abettor, implied malice as it pertains to conspiracy, and the mental state for the multiple-murder special circumstance, to be harmless beyond a reasonable doubt because the jury returned a true finding on the kidnapping special circumstance allegation, which required a finding of an intent to kill. (*Silva*, *supra*, F074889.) Therefore, it was clear from the record the jury rejected any erroneous theories and convicted petitioner of first degree murder based on his own intent to kill.

The same reasoning applies here. Although the jury instructions may have permitted the jury to find petitioner guilty of murder under an imputed malice theory subsequently eliminated by Senate Bill No. 1437, the special circumstance finding establishes the jury determined petitioner acted with intent to kill, whether as the actual killer or as an aider and abettor to the murder. He therefore is ineligible for resentencing as a matter of law. Any error or ambiguity in the jury instructions regarding aiding and abetting, murder, malice, or conspiracy does not undermine this conclusion.

   *iii.*  *Senate Bill No. 1437 did not unconstitutionally broaden the class of individuals eligible for the death penalty.*

Petitioner further contends that if he were deemed ineligible for resentencing, as a matter of law, based solely on the jury's special circumstance finding, this would run afoul of both the Eighth and Fourteenth Amendments to the federal Constitution. Specifically, petitioner contends the special circumstance statute, so construed, would no longer perform a narrowing function because every person who is convicted of first degree felony murder would now be eligible for the death penalty. We disagree.

"The United States Supreme Court's capital punishment jurisprudence rests on the principle that ' " 'the infliction of a sentence of death under legal systems that permit this unique penalty to be . . . wantonly and . . . freakishly imposed' " ' violates the Eighth and

15.

Fourteenth Amendments to the federal Constitution." (*People v. Bacigalupo* (1993) 6 Cal.4th 457, 465.) To satisfy the Eighth Amendment, the capital punishment scheme must narrow, or "circumscribe the class of persons eligible for the death penalty." (*Zant v. Stephens* (1983) 462 U.S. 862, 878.)

The relevant special circumstance at issue is the felony-murder special circumstance, which applies when a murder is committed "while the defendant was engaged in, or was an accomplice in, the commission of, [or] attempted commission of," an enumerated felony. (§ 190.2, subd. (a)(17).) The felony-murder special-circumstance statute applies to a nonkiller if he or she aided and abetted in the commission of murder with the intent to kill (*id.*, subd. (c)) or aided and abetted in the commission of the underlying felony with reckless indifference to human life as a major participant (*id.*, subd. (d)). Our Supreme Court has held the special circumstance statute performs the narrowing function required by the Eighth Amendment.[11] (*People v. Bacigalupo*, *supra*, 6 Cal.4th at p. 467.)

As the Fourth District, Division One recently held, "[t]he felony-murder special-circumstance statute still performs this narrowing function, even after the enactment of Senate Bill No. 1437." (*People v. Wilkins* (2021) 68 Cal.App.5th 153, 165.) This is because "[i]t makes a subclass of murderers – first degree felony murderers – death eligible . . . [and] does not apply to other murderers such as second degree murderers or simple murderers." (*Ibid.*) Therefore, "[b]ecause the statute renders a mere subset of murderers eligible for the death penalty, it sufficiently narrows the overall class of

---

[11] Our Supreme Court has previously rejected multiple arguments that the state's death penalty scheme, and the felony-murder special-circumstance statute in particular, fail to narrow the class of death-eligible defendants in violation of the Eighth Amendment. (See *People v. Schultz* (2020) 10 Cal.5th 623, 682; *People v. Covarrubias* (2016) 1 Cal.5th 838, 934; *People v. Johnson* (2016) 62 Cal.4th 600, 654-655; *People v. Merriman* (2014) 60 Cal.4th 1, 105; *People v. Scott* (2011) 52 Cal.4th 452, 496; *People v. Pollock* (2004) 32 Cal.4th 1153, 1195-1196.)

murderers as required by the Eighth Amendment." (*Ibid*.) Lastly, it is not problematic that the elements of first degree felony murder are identical to the elements defining death eligibility under the felony-murder special-circumstance statute. (See *People v. Johnson* (2016) 62 Cal.4th 600, 636 [holding that overlapping culpability and special circumstance elements – even identical ones – do not offend the 8th Amend.]; *People v. Catlin* (2001) 26 Cal.4th 81, 158 ["first degree murder liability and special circumstance findings may be based upon common elements without offending the Eighth Amendment"]; see also *Lowenfield v. Phelps* (1988) 484 U.S. 231, 246 ["the fact that the aggravating circumstance duplicate[s] one of the elements of the crime does not make [the] sentence constitutionally infirm"].) Accordingly, Senate Bill No. 1437 does not broaden the class of individuals eligible for the death penalty as prohibited under the Eighth Amendment to the federal Constitution.

> iv. *Petitioner's additional arguments regarding the constitutionality of Senate Bill No. 1437 are moot.*

Finally, petitioner argues he was denied his right to due process and to counsel when the trial court ruled on the constitutionality of Senate Bill No. 1437 without appointing counsel and permitting an opportunity for briefing. Petitioner further contends the trial court's ruling was erroneous.

The trial court denied the petition on two alternative grounds: Senate Bill No. 1437 is unconstitutional, and the special circumstance findings render petitioner ineligible for resentencing as a matter of law. Because the petition was properly denied on the latter ground, petitioner's arguments regarding the constitutionality of Senate Bill No. 1437 are moot.[12] (*People v. Hopson* (2017) 3 Cal.5th 424, 459 ["a ruling will not be

---

[12] The People now concede Senate Bill No. 1437 is constitutional. This court, joining a line of other Courts of Appeal, has held that Senate Bill No. 1437 is constitutional. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; see *People v. Lopez* (2020) 51 Cal.App.5th 589, 594; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55; *People v. Prado* (2020) 49 Cal.App.5th 480, 492; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, overruled on other grounds

disturbed on appeal merely because it was given for a wrong reason, if the ruling would otherwise be correct ' " 'upon any theory of the law applicable to the case,' " ' and ' " 'regardless of the considerations which may have moved the trial court to its conclusion' " ' "].)

## DISPOSITION

The order dismissing petitioner's section 1170.95 petition is affirmed.

by *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306; *People v. Solis* (2020) 46 Cal.App.5th 762, 784; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 289; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246.)